# O'DONALD LAW OFFICES

1859 NORTHAMPTON STREET
HOLYOKE, MASSACHUSETTS 01040
TELEPHONE 413-533-7400
FACSIMILE 413-533-7577

A.J. O'DONALD, III                                                                                          ALISON M. BARTLETT-O'DONALD*

*ALSO LICENSED IN CONNECTICUT AND NEW YORK

September 17, 2019

Via electronic mail to richard_rinaldi@map.uscourt.gov

Mr. Richard Rinaldi
Senior U.S. Probation Officer
United States District Court
300 State Street
Springfield, Massachusetts 01105

RE:   United States v. Edward V. Laboursoliere
      United States District Court Docket No. 3:18CR30039

Dear Mr. Rinaldi:

Pursuant to Rule 32(f)(2) of the Federal Rules of Criminal Procedure, please accept this letter as Defendant, Edward V. Laboursoliere's objections to portions of the presentence report dated August 29, 2019.  Defendant objects to the following numbered paragraphs:

**PARAGRAPH NUMBER 12:**

Defendant objects to the contents of paragraph 12 as it references Fentanyl.  Defendant did not specifically order, or purchase, Fentanyl, nor did he intend to distribute this substance. When Defendant realized that he had received this substance, he was returned this substance to the suppliers in the Lawrence area.  During the change of plea hearing, Mr. Marte addressed the court directly and explained that his intent was only to return this substance, not to distribute it to others.

**PARAGRAPH NUMBER 15:**

Defendant objects to the contents of paragraph 15 as it asserts in the first sentence that Mr. Marte was responsible for causing fatal overdoses related to the distribution of "Hollywood"

heroin. This is not the evidence. In fact, during the change of plea hearing, the Government made it clear to the court that there was no nexus between Mr. Marte and the fatal overdoses. Also, during the change of plea hearing, during his direct communication with the court, Mr. Marte maintained that he was not responsible for the fatal overdoses.

**PARAGRAPH NUMBER 55:**

Defendant objects to the contents of paragraph 55 as he denies that Dalia Diaz had any involvement in any alleged illegal activity.

**PARAGRAPH NUMBER 74:**

Mr. Marte objects to calculation the addition of four points under the Specific Offense Code under USSG §2D1.1(a)(5) & (c)(3) as he believes he should receive a variance. Mr. Marte disputes this calculation based upon the arguments he set forth in response to paragraph 12 as well as the explanation he delivered to the court during his change of plea hearing regarding his intent to return the Fentanyl as oppose to distribute it.

**PARAGRAPH NUMBER 75:**

Mr. Marte objects to the addition of two points under the Specific Offense Code under USSG §2D1.1(b)(12). Defendant disputes the evidence that the premises at 152 Lebanon Street, Springfield were used exclusively for illegal narcotic activity. He disputes the allegation that he had control over the premises, the duration of its use, any assertion that he acquired said premises, any allegation that he was responsible for maintenance of the premises, as well as supplying food to any occupants. See U.S. v. Jones, 778 F.3d 375 (2015).

**PARAGRAPH NUMBER 77:**

Mr. Marte objects to the addition of four points under the Specific Offense Code under USSG §3B1.1(a). Mr. Marte disputes the allegations that he was a leader or organizer as defined under the law.

By: /s/ A.J. O'Donald
A.J. O'Donald, III

**CERTIFICATE OF SERVICE**

September 17, 2019
I hereby certify that I served this document upon Probation Officer Richard Rinaldi and AUSA Neil Desroches via electronic mail.

/s/ A.J. O'Donald, III
Attorney A.J. O'Donald